UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED LAM, et al.,

    Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.
_____/

No. C 08-4702 PJH

**ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

Plaintiffs' motion for leave to file a supplemental complaint came on for hearing before this court on July 6, 2011. All parties appeared through counsel. Having reviewed the parties' papers and carefully considered the arguments and the relevant legal authority, the court hereby DENIES plaintiffs' motion, for the reasons stated at the hearing and summarized as follows.

Where the parties seek to supplement the pleadings to allege facts occurring after the original pleading was filed, FRCP 15(d) governs. See Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) ("Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed.") (quotation omitted). FRCP 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. Proc. 15(d). "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned

Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (quoting Keith v. Volpe, 858 F.2d 467, 473 (9th Cir.1988)).  In the exercise of its discretion to permit supplemental pleading, the Court may also consider factors such as judicial efficiency, possible prejudice or laches.  Id.; Keith, 858 F.2d at 474 (quoting 3 J. Moore, Moore's Federal Practice ¶ 15.16[3] (1985)).

      Here, plaintiffs have already filed three amended complaints and now seek leave to file a first supplemental complaint to include allegations of events that have happened after the third amended complaint was filed, i.e., that in or about March 2010, plaintiffs were denied promotions due to their race, national origin, and previous complaints against the Juvenile Probation Department and the City and County of San Francisco.  Plaintiffs represent that these allegations form the basis of their later-filed class action, C10-4641 BZ, and that they would dismiss the class action if permitted to file the supplemental complaint.  Although plaintiffs have demonstrated that judicial efficiency would be served somewhat by including the supplemental allegations in this action, defendants have demonstrated that they would be greatly prejudiced by the filing of the supplemental complaint, primarily because the parties have already engaged in significant discovery, including written discovery and depositions of plaintiffs Chen and Chin.  The court has already continued the discovery cut-off date to September 2, 2011, and defendants have demonstrated that the new allegations of the proposed supplemental complaint would require further extension of time to complete discovery in this case.  The strong possibility of prejudice to defendants weighs against granting leave to file a supplemental complaint.

      Further, plaintiffs must show good cause to amend the pleadings after the date set by the court's scheduling order, which was June 28, 2010, pursuant to FRCP 16(b)(4).  See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-09 (9th Cir. 1992)).  The good cause standard "'primarily considers the diligence of the party seeking the amendment.'" Id. (quoting Johnson, 975 F.2d at 609).  Plaintiffs have not demonstrated diligence in seeking

leave to supplement the complaint to add allegations of events that occurred in March 2010, when they were represented by counsel and could have amended or supplemented the complaint before the June 28, 2010 deadline.  Further, plaintiffs chose to file a second lawsuit in October 2010, rather than seeking leave to supplement the complaint in this case at that time.  Plaintiffs have failed to demonstrate good cause for filing a supplemental complaint at this late juncture, particularly in light of the prejudice to defendants.  The motion for leave to file a supplemental complaint is therefore DENIED.

**IT IS SO ORDERED.**

Dated: July 7, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge