UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ALFRED LAM, *et al.*, | No. C 08-04702 PJH (LB) |
| Plaintiffs, | |
| v. | **ORDER REGARDING SEPTEMBER 26, 2011 DISCOVERY LETTER** |
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | [ECF No. 187] |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Alfred Lam, Paula Leiato, Greg Chin, Frank Chen, and Shania Raman, who are Asian American and were employed by the Juvenile Probation Department of Defendant City and County of San Francisco ("CCSF"), assert employment discriminations claims against CCSF and various supervisors for alleged violations of 42 U.S.C. § 1983 and 42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. § 2000e-3(a), and Cal. Gov. Code § 12940, *et seq.* Third Amended Complaint, ECF No. 110 at 1-3; Order, ECF No. 122 at 1.

On September 2, 2011, the district court referred Plaintiffs' Motion to Compel Deposition of Person Most Knowledgeable, electronically filed on September 1, 2011 at ECF No. 180, and all further discovery to the undersigned. ECF No. 181 at 1. On September 15, 2011, the court denied Plaintiffs' motion without prejudice and directed the parties to follow its standing order. ECF No. 186. On September 26, 2011, pursuant to the procedures set forth in the court's standing order, the parties filed a joint letter in which they presented their arguments regarding whether Plaintiffs are

entitled to take CCSF's Rule 30(b)(6) deposition. ECF No. 187.

After conducting a telephone hearing on the matter, and considering the timeline surrounding the attempts to schedule the deposition, the court grants Plaintiff's request to compel to take CCSF's Rule 30(b)(6) deposition.

## II. FACTS

Current counsel for Plaintiffs first appeared in the matter on April 25, 2011. ECF No. 141. Plaintiffs first noticed CCSF's Rule 30(b)(6) deposition on April 29, 2011. Plaintiffs' Exh. A, ECF No. 180-1 at 6. On May 18, 2011, the district court granted Plaintiffs' motion to extend the fact discovery deadline from June 3 to September 2, 2011 and ordered that Plaintiffs were allowed to take three depositions. Order, ECF No. 149 at 1. In light of this order, Plaintiffs later withdrew its notice. Patten Decl., ECF No. 180-1 at 2, ¶ 3.

On July 27, 2011, Plaintiffs issued an amended notice, setting the deposition for August 10, 2011. Plaintiffs' Exh. F, ECF No. 180-1 at 21. Counsel for CCSF corresponded with Plaintiffs' counsel, explaining that he was unable to attend that day and requesting that Plaintiffs propose several alternative dates. CCSF's Exh. F, ECF No. 187 at 25. The parties each suggested a few alternate dates in August. CCSF's Exhs. G and H, ECF No. 187 at 27, 29 (Plaintiffs suggested August 11, 12, 16-19, and 25; CCSF responded that August 18, 23, and 25 worked). CCSF served objections to the scope the deposition on August 2, 2011. CCSF's Exh. I, ECF No. 187 at 31-35 (partial objections to categories of testimony and requests for production). During the next week, the parties each sent a letter discussing how to proceed in light of the objections. CCSF's Exhs. J and K, ECF No. 187 at 37-44. Boiled down, Plaintiffs apparently waited to resolve the disputes before scheduling the deposition, and CCSF disagreed and thought it should be scheduled.

Plaintiffs claim that on August 15, 2011, counsel for CCSF stated that he would work with Plaintiffs to schedule the Rule 30(b)(6) deposition before the close of fact discovery on September 2, 2011. Patten Decl., ECF No. 180-1 at 3, ¶ 14. CCSF disputes this assertion, claiming that the counsel for the parties had discussed only the scheduling of CCSF employees Toni Powell and Alfred Fleck, not the Rule 30(b)(6) deponent. Ofierski Decl., ECF No. 188 at 4, ¶ 12; CCSF's Exh. O, ECF No. 188 at 55. At oral argument, when asked what happened after this interaction and before the deposition was noticed, Plaintiffs' counsel explained that his wife had a baby on August

1  20, 2011.

2  On August 25, 2011, Plaintiffs noticed the Rule 30(b)(6) deposition for September 2, 2011.
3  Plaintiffs' Exh. J, ECF No. 180-1 at 39. On the following day, CCSF's counsel stated that he was
4  unavailable on September 2 but stated that he would work with Plaintiffs' counsel on scheduling the
5  deposition during that week. Plaintiffs' Exh. K, ECF No. 180-1 at 43.

6  On August 29, 2011, Plaintiffs' counsel informed CCSF's counsel that he intended to notice the
7  deposition for August 31, 2011, which was the only day in the week other than September 2 that was
8  not already scheduled with depositions. Plaintiffs' Exh. L, ECF No. 180-1 at 46. The next day,
9  CCSF's counsel stated that CCSF would not be producing a Rule 30(b)(6) deponent. Patten Decl.,
10 ECF No. 180-1 at 4, ¶ 18. CCSF's counsel explains that he concluded that scheduling the deposition
11 for any of the four business days between August 29 and September 1 was impossible because each
12 of those days had either a deposition already scheduled or was the deadline for a discovery request.
13 Ofierski Decl., ECF No. 188 at 4, ¶ 10.

14 On August 31, 2011, Plaintiffs' counsel asked CCSF's counsel if they would stipulate to the
15 taking of the deposition after September 2, 2011. Patten Decl., ECF No. 180-1 at 4, ¶ 19. CCSF's
16 counsel refused. *Id.* And, the next day, Plaintiffs filed their Motion to Compel Deposition of
17 Person Most Knowledgeable. ECF No. 180.

18                            **III.  ANALYSIS**

19 **A.  <u>Summary of the Parties' Arguments</u>**

20 Plaintiffs argue that they are entitled to take CCSF's Rule 30(b)(6) deposition for the following
21 reasons: (1) the deposition seeks relevant information; (2) the district court gave Plaintiffs
22 permission to take three depositions and they have taken only two; (3) the parties met and conferred
23 regarding the completion of discovery and the scheduling of the deposition; and (4) the deposition
24 was properly noticed for a date before the close of fact discovery. Joint Discovery Letter, ECF No.
25 187 at 3.

26 CCSF does not disagree that the deposition seeks relevant information. *Id.* at 6. But CCSF
27 contends that Plaintiffs are not entitled to take the deposition because Plaintiffs did not demonstrate
28 the diligence that would be required to find "good cause" to extend the fact discovery deadline. *Id.*
   CCSF also argues that the Rule 30(b)(6) deposition was noticed on an unreasonably short time

frame. *Id.*

## B. Whether Plaintiffs Properly Noticed the September 2, 2011 Deposition

Rule 30(b)(1) of the Federal Rules of Civil Procedure requires parties to provide "reasonable notice" of depositions. Fed. R. Civ. P. 30(b)(1).

Plaintiffs assert that the deposition was properly noticed for a date before the close of fact discovery. Joint Discovery Letter, ECF No. 187 at 3. And, in support of this assertion, Plaintiffs detail the interactions between the parties that involved the attempted scheduling of the deposition before the close of fact discovery.

In support of its claim that the notice was unreasonable, CCSF argues that there is a settled standard of ten to fourteen days notice. Joint Discovery Letter, ECF No. 187 at 6. CCSF also contends that the notice was unreasonable because Plaintiffs knew that CCSF's counsel had to devote four of the six business days available to previously scheduled depositions and responding to written discovery Plaintiffs chose not to serve until late July. Joint Discovery Letter, ECF No. 187 at 6.

A number of cases have held that, for a deposition without production of documents, ten days notice is generally considered reasonable. *See, e.g., Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)). But there is no fixed rule because the reasonableness of the notice must be evaluated in light of the circumstances of each particular case. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 327. And, at one end of the spectrum, one-day notice has been found to be reasonable when counsel were all in a foreign city for the taking of depositions and it was understood that the party serving the notice was to take its depositions at that time. *See Radio Corp. of America v. Rauland Corp.*, 21 F.R.D. 113, 115 (N.D. Ill. 1957). Here, the record illustrates the parties' intentions to work together to schedule the deposition within the set period of time.

The court appreciates CCSF's position, particularly its argument about prejudice due to the timing before a close-approaching motions deadline and its concern about the parties' disagreements about scope. Still, in the face of new attorneys on the case, the attempts to schedule the deposition, and the fact of the new baby, the court is reluctant to foreclose a deposition (the third of only three

UNITED STATES DISTRICT COURT
For the Northern District of California

1  allowed by the district court) on these facts, given the importance of a fair illumination of the factual
2  landscape.  The court also told the parties that if they could not work out their differences about the
3  scope of the difference (and the court has every confidence that diligent counsel should be able to
4  work out their disagreements), the court would work expeditiously with the parties to resolve their
5  disputes.

6  Accordingly, the court finds that Plaintiffs' notice for the proposed September 2, 2011
7  deposition was reasonable.

## C. Whether Good Cause Exists to Allow Plaintiffs to Take the Rule 30(b)(6) Deposition Despite the Discovery Deadline Having Passed

The court turns to whether good cause exists for permitting Plaintiffs to take the deposition now that the discovery deadline set forth in the district court's scheduling order has passed.[1]

A scheduling order may be modified only for good cause.  Fed. R. Civ. P. 16(b).  This "good cause" standard primarily considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).  Additionally, Civil Local Rule 37-3 provides, "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown."  N.D. Cal. Civ. L.R. 37-3.

CCSF argues that Plaintiffs were not diligent because they did not notice the deposition until late July 2011 and then, after the parties corresponded about the scheduling and scope of the deposition, Plaintiffs waited until August 25, 2011 to re-notice the deposition.  Joint Discovery Letter, ECF No. 187 at 5.  Again, Plaintiffs' counsel explained that his wife gave birth in August.  And the court notes that the parties were in communication about scheduling the deposition as early as April.

For the contextual reasons set forth in the previous section, the court finds that, in these circumstances, good cause exists.

---

[1] The district court controls its scheduling order.  *See* Fed. R. Civ. P. 16.  However, given the posture of this case and the referral order, the undersigned addresses the parties' arguments regarding whether good cause exists to permit Plaintiffs to take the deposition even though the discovery deadline has passed.

C 08-04702 PJH (LB)
ORDER RE 9/26/2011 DISCOVERY LETTER
5

### IV.  CONCLUSION

For the foregoing reasons, the court grants Plaintiffs' request to compel a Rule 30(b)(6) deposition.

**IT IS SO ORDERED.**

Dated: October 17, 2011



LAUREL BEELER
United States Magistrate Judge

C 08-04702 PJH (LB)
ORDER RE 9/26/2011 DISCOVERY LETTER

6