# UNITED STATES DISTRICT COURT

## Northern District of California

### Oakland Division

| | |
|---|---|
| ALFREDO LAM, *et al.*,<br><br>  Plaintiffs,<br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>  Defendants.<br>_____/ | No. C 08-04702 PJH (LB)<br><br>**ORDER REGARDING NOVEMBER 16, 2011 DISCOVERY LETTER**<br><br>[ECF No. 192] |

Following a telephonic discovery conference, on October 17, 2011, the court granted Plaintiffs' request to compel CCSF's Rule 30(b)(6) deposition. Order, ECF No. 191 at 6. On November 16, 2011, the parties submitted a second discovery letter, which outlined two issues that arose during CCSF's Rule 30(b)(6) deposition. 11/16/2011 Joint Discovery Letter, ECF No. 192. Specifically, Plaintiffs contend that CCSF's deponent was inadequately prepared to testify about all disciplinary actions taken against Juvenile Probation Department employees in the 8320 Juvenile Counselor and 8322 Senior Counselor job classifications from 2005 to present. *Id.* at 1-3. They also claim that Plaintiff Alfredo Lam was entitled to attend the deposition, including during the examination about complaints made about the individual defendants in this matter. *Id.* at 3. Plaintiffs request that the court order CCSF's Rule 30(b)(6) deponent to appear and testify substantively on these issues. *Id.*

With regard to the first issue, the scope of the deposition in the notice is the minimum about which the witness must be prepared to testify. *See Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000). And a corporation has a duty under Rule 30(b)(6) to provide a

witness who is knowledgeable in order to provide binding answers on behalf of the corporation. *See Great American Ins. Co. of New York v. Yegas Constr. Co., Inc.*, 25 1 F.R.D. 534, 538 (D. Nev. 2008). But Rule 30(b)(6) is not designed to be a memory contest. *Id.* at 539. Here, CCSF's deponent was unable to answer questions that were encompassed by the notice. But CCSF represents that the level of detail sought went beyond that to which the parties implicitly agreed. 11/16/2011 Joint Discovery Letter, ECF No. 192 at 5. And Plaintiffs provided no argument that they did not make this representation or that the information sought would not require tremendous recall. Additionally, CCSF states that it has provided all the requested information in other forms (including compilations of records). *Id.* at 6. Given these factors, the court finds that CCSF's deponent's responses were sufficient.

Federal Rule of Civil Procedure 26 requires parties to work together in good faith to resolve discovery disputes pertaining to protective orders before bringing them to the attention of the court. Fed. R. Civ. P. 26(c)(1). With regard to Lam's presence at the deposition when the deponent was asked to testify about other employees' personnel records, CCSF describes the steps it undertook to affirmatively address the issue prior to the deposition. 11/16/2011 Joint Discovery Letter, ECF No. 192 at 4. From its unchallenged description of its discussions with Plaintiffs, the court finds that CCSF did not need to seek a protective order prior to the deposition based on the implicit representations made by Plaintiffs.

Based on the foregoing discussion, the court **DENIES** Plaintiffs' requests.

**IT IS SO ORDERED.**

Dated: November 17, 2011

_____
LAUREL BEELER
United States Magistrate Judge

C 08-04702 PJH (LB)
ORDER RE 11/16/2011 DISCOVERY LETTER

2