UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFREDO LAM, et al.,

    Plaintiffs,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 08-cv-04702-PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 257

    Before the court is pro se plaintiffs Alfred Lam and Paula Leiato's motion for reconsideration. Having reviewed the papers, and good cause appearing, the court hereby DENIES the motion as untimely and meritless.

    This case has been closed since April 13, 2012. On that date, the court granted summary judgment in favor of defendants and entered judgment against plaintiffs. Dkt. 236, 237. Plaintiffs appealed to the Ninth Circuit, which affirmed on March 23, 2014. Dkt. 246. The Supreme Court declined to grant certiorari on June 22, 2015. Dkt. 255.

    Plaintiffs motion for reconsideration is made pursuant to Federal Rules of Civil Procedure 59(b), 59(e), 60(b) and 60(d)(3). Plaintiffs ask the court to reconsider and vacate its April 2012 summary judgment order based on "newly discovered evidence" and "overlooked grounds." The motion lists 22 grounds for reconsideration, the main theme being that alleged newly discovered evidence—to wit, alleged "fraud" or "wrongful statements" by various defense witnesses—justifies relief from the court's prior judgment.

    It has been over four years since judgment was entered in this case. Rule 59 motions must be made 28 days after the entry of judgment. Fed. R. Civ. P. 59(b), (e). To the extent that plaintiffs' motion is based on Rule 59, it is DENIED as untimely.

    Rule 60 motions must be made "no more than a year after the entry of judgment" or "within a reasonable time," depending on the alleged ground for relief. Fed. R. Civ. P.

60(c)(1). This one-year time limit foreclosures any claim for relief from the judgment based on "mistake [or] inadvertence," "newly discovered evidence," or "fraud . . . by an opposing party." Fed. R. Civ. P . 60(b)(1)–(3); 60(c)(1). (Plaintiffs do not appear to rely on Rule 60(b)(4)–(6), and in any event, their motion was not made "within a reasonable time.") Thus, to the extent that plaintiffs' motion is based on Rule 60(b), it is DENIED as untimely.

The only remaining ground for relief that is not expressly time-barred is Rule 60(d)(3), which reflects the court's inherent power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). However, this ground is to be distinguished from simple fraud by an opposing party. See In re Levander, 180 F.3d 1114, 1119 (9th Cir. 1999) ("[N]ot all fraud is fraud on the court."). True "fraud on the court" requires a showing by clear and convincing evidence of egregious misconduct that "does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." In re Intermagnetics America, Inc., 926 F.2d 912, 916 (9th Cir.1991). "Mere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not normally fraud on the court.'" United States v. Estate of Stonehill, 660 F.3d 415, 444 (9th Cir. 2011). The allegations in plaintiffs' motion, even if proven, amount to (alleged) perjury by a witness or nondisclosure of evidence by the defense. At most, this is ordinary fraud subject to Rule 60(b) and its one-year time limit, not fraud on the court.

For the foregoing reasons, plaintiffs' motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: January 4, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge